# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SEAN L. BROHAWN, BAR. NO. 7618.

No. 73964

FILED

FEB 2 3 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER APPROVING CONDITIONAL GUILTY PLEA*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Sean L. Brohawn. Under this agreement, Brohawn admitted to violating RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.15 (safekeeping property), RPC 1.16 (declining or terminating representation), RPC 3.2 (expediting litigation), RPC 5.5 (unauthorized practice of law), RPC 8.1 (bar admission and disciplinary matters), and RPC 8.4 (misconduct). The agreement provides for an 18-month suspension to run consecutively from his 6-month-and-1-day suspension in *In re Discipline of Brohawn*, Docket No. 72510 (Order of Suspension, June 13, 2017). The agreement further provides for the payment of $15,820 in restitution to former clients, plus additional amounts based on the clients' proof of payments; payment of the fees and costs associated with having a judgment against one client set aside or, if setting aside the judgment is not possible, payment of the judgment; and payment of $2,500 in fees plus the actual costs of the disciplinary proceedings. The Board also included additional conditions on reinstatement, to which Brohawn agreed: evidence of payment of restitution, a report from a

licensed mental health professional opining that Brohawn is fit to resume the practice of law, and 90-day status reports from the licensed mental health professional treating Brohawn during the length of the suspension.

Brohawn admitted to the facts and violations alleged in the complaint. The record therefore establishes that Brohawn accepted client money without performing the requisite legal work, failed to keep in communication with his clients or misrepresented the status of clients' cases, failed to return client money that he had not earned, worked on client matters while he was administratively suspended from the practice of law, and failed to respond to the State Bar's inquiries.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Brohawn violated duties owed to clients and other duties owed as a legal professional. Brohawn's mental state was with knowledge. There was actual injury, and the potential for more injury, to Brohawn's clients in the form of mishandled money and cases. The panel found and the record supports three aggravating factors (pattern of misconduct, multiple offenses, and substantial experience in the practice of law) and two mitigating factors (an admitted mental disability that he is working with a mental health professional to remedy[1] and full and free disclosure to disciplinary authority or a cooperative attitude toward the proceeding).

---

[1]While this mitigating factor is not specifically listed in SCR 102.5(2)'s list of potential mitigating factors, that list "is illustrative and is not exclusive."

Based on the most serious instances of misconduct at issue, *see* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards* 452 (Am. Bar Ass'n 2017) ("The ultimate sanction imposed should at least be consistent with the sanction for the most serious instance of misconduct among a number of violations."), the baseline sanction before considering aggravating and mitigating circumstances is suspension. *See id.* at Standard 4.42 (providing that suspension is appropriate when an attorney "knowingly fails to perform services for a client" or "engages in a pattern of neglect" and causes injury or potential injury to a client), 4.62 (providing that suspension is also appropriate "when a lawyer knowingly deceives a client, and causes injury or potential injury to the client"). In light of the foregoing, we conclude that the agreed-upon 18-month suspension is appropriate. The duration of the suspension along with the other conditions imposed are sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1).

Accordingly, we hereby suspend attorney Sean L. Brohawn from the practice of law in Nevada for a period of 18 months, to run consecutive to his suspension in *In re Discipline of Brohawn*, Docket No. 72510, or, if that suspension has already ended, to commence from the date of this order. Brohawn shall pay restitution totaling $15,820 to the clients in the amounts set forth in the conditional guilty plea agreement, plus any additional amount supported by proof submitted within 30 days of the date of this order as to the one client identified as potentially due such additional payment. Also, Brohawn "shall remedy the monetary consequences of his

failures for [the clients identified in the conditional guilty plea agreement], whether by having the [default] judgment set aside, and paying for the attorney's fees and costs associated with such setting aside of the judgment, or otherwise satisfying the judgment if it cannot be set aside." Brohawn must submit evidence of payment of restitution and remedying the default judgment with any petition for reinstatement. Brohawn shall pay the costs of the disciplinary proceedings, plus fees in the amount of $2,500, within 30 days of the date of this order. SCR 120. In order to be reinstated, Brohawn must provide in his petition for reinstatement a report from a licensed mental health professional opining that Brohawn is fit to resume the practice of law and 90-day status reports from the licensed mental health professional treating Brohawn during the length of the suspension. Under SCR 115(7), Brohawn has 15 days within which to wrap up or complete matters he is handling for existing clients. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Douglas

_____, J.          _____, J.
Cherry                                  Gibbons

_____, J.          _____, J.
Pickering                               Hardesty

_____, J.          _____, J.
Parraguirre                             Stiglich

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Chair, Northern Nevada Disciplinary Board
Law Office of Jerry M. Snyder
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court